UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$122,128.25 SEIZED FROM WELLS FARGO BANK, N.A. ACCOUNT NO. ******2193, IN THE NAME OF NAMIT CHAWLA,<br><br>Defendant,<br><br>and<br><br>NAMIT CHAWLA and AAKANKSHA CHAWLA,<br><br>Claimants. | Case No. C14-491 RSM<br><br>ORDER DENYING CLAIMANT AAKANKSHA CHAWLA'S MOTION FOR PARTIAL SUMMARY JUDGMENT |

## I.     INTRODUCTION

This matter comes before the Court on Claimant Aakanksha Chawla's Motion for Partial Summary Judgment, Dkt. #21. Ms. Chawla argues that she is entitled to summary judgment dismissal of the United States' claims as to one-half of the $122,128.25 seized from Wells Fargo Bank, N.A. Account No. ******2193, titled in the name of her husband, Namit Chawla. Dkt. #21. Ms. Chawla argues that this money was improperly seized and is hers

ORDER DENYING CLAIMANT AAKANKSHA CHAWLA'S MOTION FOR PARTIAL
SUMMARY JUDGMENT - 1

under Washington State community property law. *Id.* Plaintiff United States opposes this Motion, arguing that there is a genuine issue of material fact as to whether the seized funds were Namit Chawla's separate property. Dkt. #52. The Court agrees with the United States and DENIES Claimant's Motion.

## II.     BACKGROUND

The following facts are limited to those relevant for Claimant's limited Motion for Partial Summary Judgment.

Plaintiff United States (the "Government") brought this civil *in rem* forfeiture proceeding by filing a Verified Complaint on April 3, 2014, seeking forfeiture of the above-captioned property. Dkt. #1. The Complaint alleges that the Defendant Funds constitute property involved in a violation of 31 U.S.C. § 5324, or conspiracy to commit such violation, and is therefore subject to civil forfeiture pursuant to 31 U.S.C. § 5317(c)(2) and 18 U.S.C. § 984. On April 30, 2014, Claimants Namit and Aakanksha Chawla filed Claims to the Defendant Property, as well as an answer to the Complaint. Dkt. ##13 – 15.

On June 9, 2008, Claimant Namit Chawla opened a Wells Fargo Bank account, No. ******2193, from a Wells Fargo branch in Reno, Nevada. Dkt. #21-2 at 3. At all times, this account has been solely under his name. *Id.* In December 2008, Claimant Namit Chawla moved to Poulsbo, Washington and began employment operating an Arco gas station. *Id.* Mr. Chawla married Aakanksha Chawla on January 16, 2013. *Id.* Ms. Chawla has "never had access to the Wells Fargo account or received statements concerning the account." *Id.*; *see also* Dkt. #21-4 at 3.

On March 28, 2014, a seizure warrant was issued for $124,851.12 from the previously mentioned Wells Fargo account owned by Mr. Chawla. Dkt. #55-2 at 2. Slightly less than that

ORDER DENYING CLAIMANT AAKANKSHA CHAWLA'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 2

amount was seized from the account. *Id*. On April 3, 2014, Sergeant Ryan Raulerson of the Issaquah Police Department and IRS Special Agent Michael Hardaway telephoned Mr. Chawla to discuss the case. *Id*. Mr. Chawla answered the phone and indicated that he was taking the call from India. *Id*. Mr. Chawla asked if he could call back using a landline, hung up and called Special Agent Hardaway's desk phone, and proceeded to engage in an hour-long phone conversation. *Id*. Mr. Chawla was advised that the IRS had seized $122,128.25 from his account. *Id*. According to Sergeant Raulerson, Mr. Chawla stated that the money at question was "proceeds from his business that had been taxed previously," and that "some of the funds were the result of a settlement he received from a collision he was involved in a couple years earlier." *Id.* at 3. According to Sergeant Raulerson, Mr. Chawla stated that 2012 was the last year in which he had filed federal taxes and that he had not filed his 2013 taxes and would be seeking a filing extension. *Id*. at 3-4. Mr. Chawla apparently reiterated that the funds were "profit from the business." *Id.* at 4. Sergeant Raulerson presents evidence of a $100,000 check issued to Namit Chawla on April 27, 2012, by AAA Nevada Insurance Company reflecting a "loss date" of September 1, 2010. *Id*. at 4-5.

### III. DISCUSSION

**A. Legal Standard**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Material facts are those which might affect the outcome of the suit under governing law. *Anderson*, 477 U.S. at 248. In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco,*

ORDER DENYING CLAIMANT AAKANKSHA CHAWLA'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 3

*Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (citing *Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)).

On a motion for summary judgment, the court views the evidence and draws inferences in the light most favorable to the non-moving party. *Anderson*, 477 U.S. at 255; *Sullivan v. U.S. Dep't of the Navy*, 365 F.3d 827, 832 (9th Cir. 2004). The Court must draw all reasonable inferences in favor of the non-moving party. *See O'Melveny & Meyers*, 969 F.2d at 747, *rev'd on other grounds*, 512 U.S. 79 (1994). However, the nonmoving party must make a "sufficient showing on an essential element of her case with respect to which she has the burden of proof" to survive summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Further, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 251.

**B. Analysis**

Washington is a community property state. RCW 26.16. The "community" or "separate" character of the property at issue is determined by when it is acquired. RCW 26.16.010 and 26.16.030; *In re Osicka's Estate*, 461 P.2d 585, 586 (Wash. Ct. App. 1969); *In re Witte's Estate*, 150 P.2d 595, 601 (Wash. 1944); *Yesler v. Hochstettler*, 4 Wash. 349 (1892). When in dispute, the character of the property is retrospectively determined by its character at the date the property was acquired. *Baker v. Baker*, 498 P.2d 315, 320-321 (Wash. 1972). This classification presents a mixed question of fact and law: the time and method of acquisition, for example, are questions for the trier of fact; whether those facts support classification of property as separate or community is a matter of law. *In re Marriage of Martin*, 645 P.2d 1148, 1149-1150 (Wash. Ct. App. 1982).

ORDER DENYING CLAIMANT AAKANKSHA CHAWLA'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

The name under which property is held does not constitute direct and positive evidence that determines whether the property is community or separate. *In re Marriage of Skarbek*, 997 P.2d 447 (Wash. Ct. App. 2000). For example, making a spouse a signatory on a bank account does not automatically convert separate funds therein into community property. *Id*.

If property is acquired during a marriage, it is presumed to be community property. RCW 26.16.030; *In re Marriage of Zahn*, 978 P.2d 498, 503 (Wash. 1999). Under RCW 26.16.010, property acquired before marriage is separate property. *See In re Estate of Borghi*, 169 P.3d 847, 848-849 (Wash. Ct. App. 2007), *review granted* 187 P.3d 751, *aff'd* 219 P.3d 932, *reconsideration denied, corrected*. However, separate property may be "acquired during marriage by gift, bequest, devise, or inheritance, together with rents, issues, and profits thereof." *Id*.

When property has been established to be separate, it is presumed to maintain that character until clear and convincing evidence to the contrary is presented. *See, e.g., In re Binge's Estate*, 105 P.2d 689, 705 (Wash. 1940); 19 Wash. Prac., Fam. And Community Prop. L. § 10.6. Separate property will remain separate through changes and transition—including increases in or as a result of that separate property—if it remains traceable and identifiable. *In re Marriage of Chumbley*, 74 P.3d 129, 131 (Wash. 2003). "The portion of a personal injury award that compensates one spouse for pain and suffering is the separate property of the injured spouse." *In re Marriage of Wright*, 896 P.2d 735, 739 (1995). While earnings in the form of salary are generally considered community property, *Hamlin v. Merlino*, 272 P.2d 125 (Wash. 1954), if the property at issue "is either 'rents, issues, or profits' of separate property, it is separate by statute, and the question ends," *In re Binge's Estate*, 105 P.2d at 705. Profits from separate property are separate property, even if acquired during the marriage. RCW 26.16.010.

ORDER DENYING CLAIMANT AAKANKSHA CHAWLA'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 5

Ms. Chawla argues in her Motion that the balance of the Wells Fargo account at the time of her marriage to Mr. Chawla was $300.47, and that the $122,128.25 seized had been deposited from March 27, 2013 to July 1, 2013. Dkt. #21 at 8-9. Ms. Chawla argues that it is thus clear that the Defendant Funds were "accumulated after the January 16, 2013 marriage." *Id.* at 9.

In Response to Ms. Chawla's Motion, the Government argues that Ms. Chawla's claim to the funds is based only upon the timing of their deposit into the account, but that "she fails to address the issue of when her husband… acquired the Defendant Funds—which is dispositive as to whether the funds constitute community property or constitute Mr. Chawla's separate funds…" Dkt. #55 at 2. The Government argues that Mr. Chawla's own admissions, offered through Mr. Raulerson's testimony, establish that Mr. Chawla earned the Defendant Funds through business profits prior to his 2013 marriage to Ms. Chawla "thereby establishing that the Defendant Funds were his wholly separate property (rather than community property) based on Washington law." *Id.* Mr. Chawla's alternative explanation for the source of some of the funds, that they were from a "settlement," also supports the conclusion that the funds were Mr. Chawla's separate property because he received an insurance settlement check in 2012, a year prior to his marriage to Ms. Chawla. *Id*. The Government also argues that Ms. Chawla may be unable to prove the "innocent owner defense." *Id*. at 2-3.

On Reply, Claimant Aakanksha Chawla argues that the AAA Nevada Insurance Company check was deposited into an account other than the account from which the subject funds were seized. Dkt. #56 at 3. Claimant argues that "there is nothing connecting the proceeds of the April 27, 2012 check to the funds seized" because this money may have gone in and come out while other money has come in and been taken out. *Id*. at 4. Claimant argues that "[w]hat Mr. Chawla supposedly said when called by Raulerson, et al. in the middle of the night

ORDER DENYING CLAIMANT AAKANKSHA CHAWLA'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 6

is immaterial" because he is not an accountant and could not understand the "impossibility of tracing an account balance." *Id.* Ms. Chawla does not appear to address the Government's argument that a question of fact exists as to whether the funds were profits from her husband's business acquired prior to marriage.

Ms. Chawla also appears to argue that the Government has the burden of proving by clear and convincing evidence that the Defendant Funds were separate property for purposes of this Motion. *Id.* at 4. This is incorrect. Claimant (or Claimants) are the movants here, and have the burden of proving that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Anderson*, *supra*. The Court disagrees with Ms. Chawla's assertion that Mr. Chawla's words to Sergeant Raulerson are immaterial. Mr. Chawla's alleged statements about how the Defendant Funds were acquired clearly raise questions of fact as to whether the Defendant Funds are separate or community property. It is undeniable that Mr. Chawla's business predates his marriage to Ms. Chawla, and if the Defendant Funds were profits from that business acquired prior to marriage they would be separate property under applicable Washington law. *See Baker, supra; In re Binge's Estate, supra*; RCW 26.16.010. If the funds were from an insurance settlement check deposited prior to marriage, or if they were a combination of that insurance check and the aforementioned profits, then they would still be separate property under Washington law. *See In re Marriage of Wright*, *supra*. Ms. Chawla offers no evidence that these funds were community property other than the time they were deposited into the Wells Fargo account. Ms. Chawla fails to convince the Court that these are not questions of fact precluding the requested summary judgment. Given this, the Court finds that Ms. Chawla's Motion is properly denied and need not address the Government's arguments as to the innocent owner defense.

ORDER DENYING CLAIMANT AAKANKSHA CHAWLA'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

## IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Claimant Aakanksha Chawla's Motion for Partial Summary Judgment (Dkt. #21) is DENIED.

DATED this 5th day of May 2016.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE